UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 15 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANDREW FORD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-196 |
| | § | |
| DAVID FORREST, Warden, | § | |
| LEROY D. MONTGOMERY, | § | |
| Disciplinary Hearing Officer, | § | |
| A. REYES, Counsel Substitute, | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Plaintiff Andrew Ford is an inmate confined within the Texas Department of Criminal Justice-Institutional Division. Defendant David Forrest is the Warden of the Willacy County Unit in Raymondville, Texas, Defendant Leroy D. Montgomery is the Disciplinary Hearing Officer, and Defendant A. Reyes is the Counsel Substitute. Pursuant to 42 U.S.C. § 1983, Plaintiff brings complaints that stem from his confinement in the Willacy County Unit.

On July 21, 2001, Plaintiff allegedly assaulted Correctional Officer (C.O.) M.M. Longoria. As a result of the alleged incident, Plaintiff was placed in administrative segregation (ad.seg.). While in ad.seg., another C.O. read the offense report to the Plaintiff as prepared by C.O. Longoria. The offense report listed the incorrect location where the alleged incident occurred. The offense report stated that the incident occurred in "4 Delta Dorm", however, Plaintiff is housed in "2 Delta Dorm."

The Disciplinary Hearing took place on July 27, 2001. Plaintiff stated that the offense report was incorrect because he was not housed in "4 Delta Dorm." At the Disciplinary Hearing,

Defendant Montgomery allowed C.O. Longoria to change the location listed on the offense report to "2 Delta Dorm." As a result of the Disciplinary Hearing, Plaintiff had 552 days of good and work time credit and his line class one (1) status revoked from his record. Plaintiff appealed the decision in a Step I and Step II grievance, but they were both denied. Plaintiff then brought suit against Forrest, Montgomery, and Reyes claiming that the punishment was unlawfully implemented.

Plaintiff Ford is suing Defendants under 42 U.S.C. § 1983 and asserts that the following acts violated his rights: 1) Ford alleges that the Disciplinary Hearing Officer, Montgomery, implemented excessive punishment and committed due process and constitutional violations when he allowed C.O. Longoria to change the offense report at the hearing; and 2) Ford alleges that Counsel Substitute A. Reyes failed to provide an adequate and proper investigation and did not provide appeal assistance. Defendants assert that they are entitled to qualified immunity from suit because they were acting within the course and scope of their employment and performing discretionary duties in good faith.

## ANALYSIS

### Due Process and Constitutional Violations

To fall under § 1983, the conduct complained of must have been "committed by a person acting under the color of state law," and the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.[1] When a plaintiff wishes to assert a cause of action under § 1983, "there must be sufficient facts pleaded to allow the court

---

[1] *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982).

and other defendants to understand the gravamen of the plaintiff's complaint."[2]

A review of Ford's complaint demonstrates that it fails to allege facts sufficient to establish a claim under 42 U.S.C. § 1983. Ford claims to have suffered a violation of his constitutional rights, but he fails to state with any degree of specificity the rights which were allegedly violated. Instead, Ford claims that the Defendants did not follow state statutes during his administrative proceedings, specifically Texas Penal Code §§ 37.09-37.10. Ford claims that the violation of Texas Penal Code §§ 37.09-37.10 makes the Disciplinary Hearing unlawful and unconstitutional. Ford's complaint stems from a mistake on the offense report that listed the incorrect location of where the alleged incident took place. The correction made by the C.O. is not a substantive violation of due process. Plaintiff relies on *Grillo v. Coughlin*[3] to support his argument, however that case also stated that "substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.'"[4]

Plaintiff also claims ineffective assistance of counsel against Counsel Substitute A. Reyes. His complaint against Defendant A. Reyes is merely conclusory, and Plaintiff does not provide any evidence to prove this claim. Plaintiff's complaints are without merit because they are not sufficient to amount to a constitutional violation or overcome the Defendants' immunity. Therefore, the Plaintiff's complaint should be dismissed.

---

[2] *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996).

[3] *Grillo v. Coughlin*, 31 F.3d 53 (2d Cir. 1994) (ruling that it is a due process violation when urinalysis test results used as evidence in disciplinary hearing had been altered after copies were delivered to inmate).

[4] *Id.* at 57.

## Eleventh Amendment Immunity

To the extent that Plaintiff Ford brings claims against Defendants in their official capacities, such claims are barred for two reasons. First, neither a state nor a state official sued in his official capacity is a "person" for purposes of liability under 42 U.S.C. § 1983 for damages.[5] Second, the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court.[6] Because a suit brought against a state official in his official capacity is, in reality, asserted against the state itself,[7] such suits are also barred by the Eleventh Amendment.[8] Although the Supreme Court has recognized exceptions to the rule of Eleventh Amendment immunity, those exceptions extend only to claims against state officials for prospective injunctive relief to prevent a continuing violation of federal law.[9]

## Qualified Immunity

To the extent the Defendants are sued in their individual capacities, they are protected by the doctrine of qualified immunity.[10] "The doctrine of qualified immunity shields public officials like the [defendants] from damages actions unless their conduct was unreasonable in light of

---

[5] *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

[6] *See e.g. Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996).

[7] *See Will*, 491 U.S. at 71.

[8] *See Howlett v. Rose*, 496 U.S. 356, 365-66 (1990).

[9] *See Green v. Mansour*, 474 U.S. 64, 68 (1985); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974).

[10] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1983).

clearly established law."[11] In order to overcome this defense, Ford must prove that the Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[12]

It is the Plaintiff's burden to overcome the Defendant's qualified immunity.[13] Ford is held to a heightened pleading standard and must allege with particularity all material facts establishing his right to recovery, including facts which negate the official's qualified immunity defense.[14] Furthermore, he must do so by asserting something more than conclusory allegations.[15]

Most importantly, the first hurdle that Ford must clear is to state a claim of constitutional dimension.[16] Plaintiff Ford has failed to do so in his original complaint or any other pleadings he has filed over the course of this action. Ford has not overcome the Defendants' assertion of qualified immunity, as is his burden. Consequently, Ford raises no claims that rise to a constitutional level in which 42 U.S.C. § 1983 damages may be granted. Therefore, this action must be dismissed.

---

[11] *Elder v. Holloway*, 510 U.S. 510, 512 (1994).

[12] *See Harlow*, 457 U.S. at 818; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Bennet v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

[13] *See Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992); *Elliott v. Perez*, 751 F.2d 1472, 1476-79 (5th Cir. 1985).

[14] *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

[15] *See e.g. Wicks v. Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995).

[16] *See Siegert v. Gilley*, 111 S.Ct. 1789, 1793 (1991).

## RECOMMENDATION

For the reasons stated above, it is recommended that Plaintiff's claims should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

DONE at Brownsville, Texas, this 15th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[17] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).