IN THE UNITED STATES DISTRICT COURT
FOR THE SOTHERN DIRSTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDREW FORD | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-01-196 |
| DAVID FORREST, WARDEN, | § | |
| LEROY D. MONTGOMERY, Disciplinary | § | |
| Hearing Officer, A. REYES, Counsel | § | |
| Substitute | § | |

JUN 1 0 2002

Michael N. Milby
Clerk of Court

### PLAINTIFF'S RESPONSE TO DEFENDS' ANSWER

COMES NOW, Andrew Ford [hereinafter"Plaintiff"], and files his Plaintiff's Response To Defendants' Answer, and in support thereof would respectfully show unto this Honorable Court the following:

### I.

### RESPONSE

1.    Defendants assert in page two (2) paragraph one (1) in their "AFFIRMATIVE DEFENSES" that they "[A]re entitled to qualified immunity from suit because they were acting within the course and scope of their employment and performing discretionary duties in good faith. Defendants did not violate constitutional or statutory rights of which a reasonable person would have known." During the disciplinary hearing Plaintiff provided sufficient evidence to contradict the charging officer's claims by stating he does not live in housing 4 Delta Dorm and knows nothing in what occured in housing 4 Delta Dorm. Defendant Montgomery then called to varify if Plaintiff lived in housing 4 Delta Dorm where the officer stated the incident occured and where Plaintiff lived. Records reflected that Plaintiff indeed did not live in housing 4 Delta Dorm. Defendant Montgomery then called in to question the charging officer and allowed the charging officer to alter his written offense report. In Grillo v. Coughlin, 31 F.3d 53, 56-57 (2d Cir. 1994) (Due process violation when evidence in disciplinary hearing had been altered after copies were delivered to inmate). In this case, Plaintiff had been read the written offense report (evidence) prior to the hearing inwhich he based his defense of not living in housing 4 delta dorm and when the hearing was held Plaintiff provided sufficient evidence to support his statement, when the officer was allowed to alter his written offense report by changing the housing and the time,

this violated Plaintiff's Due Process Rights as cited in Grillo. Plaintiff also shows the Court that according to V.T.C.A., PENAL CODE §§37.09, which state in pertinent part:

37.09: Tampering with or fabricating physical evidence

(a)(1) **ALTERS**, destroys, or conceals **ANY RECORD, DOCUMENT, OR THING** with intent to impair it's **VERACITY**, legibility, or availability **AS EVIDENCE IN THE** investigation or **OFFICIAL PRECEDING**; or

(a)(2) makes, presents, or **USES ANY** record, document, or thing **WITH KNOWLEDGE** of its falsity and with intent to **EFFECT THE COURSE OR OUTCOME** of the investigation or OFFICIAL PRECEDING. [emphases supplied]. By allowing the charging officer to alter Texas State Goverment Document I-210 Offense Report during an official preceding (i.e. Disciplinary hearing) to= "effect the course or outcome of the official preceding" did violate Texas State Law. If the Court will order Defendants to compel the record. The Court will see the differences in the investigation and see that the Defendants did violate Texas State Law as noted above as well as V.T.C.A., PENAL CODE §§37.10 which deals with tampering with govermental records , according to sections (a)(1) and (a)(2) as well as see Defendants did violate due process as in Grillo. Thus, Defendants were not acting in good-faith and did violate Constitutional or Statutory rights of which a reasonable person would have known.

2.   Plaintiff did meet the requirements under Sandin v. Conner, 115 S.Ct 2293 (1995). Plaintiff further states that in Rudd v. Sargent, 866 F2d 260, 262 (8th Cir. 1989), the Courts found that "due process was not violated if 'some' evidence supports the disciplinary decision". In Zavaro v. Coughlin, 970 F2d 1148 (2d Cir. 1992) Defendant was no entitled to qualified immunity since there was NO evidence to show that Zavaro was involved during a riot. In Plaintiff's case, he overcomes the "some evidence" rule since there is absolutely no evidence to show that he lived in housing 4 Delta Dorm, even after the officers altering his offense report, the time of the incident was 5:30pm and records will reflect that the charging officer **WAS NOT EVEN AT WORK AT 5:30p.m.**.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that the Defendants'

Answer To Plaintiff's Complaint be denied and for any and all other relief, at law or in equity, to which Plaintiff may show himself is justly entitled. Plaintiff further asks that this Plaintiff's Response to Defendants' Answer be granted and allowed late. Defendants sent their Answer to Plaintiff at the Whackenhut Unit where Plaintiff was transfered. Plaintiff received the Defendants' Answer to Plaintiff's Complaint during his transfer and Plaintiff was inable to effectively prepare his response. Plaintiff has a limited education and is a lyman and insufficiently versed on the complicated issues of law to adequately prepare his response[prepared by: Alex C. Perales#689908-Allred Unit] with technical precision and for such reasons he ask the Court to accept his delay, as he desires to be in compliance with the provisions of 42 U.S.C. §1983.

Respectfully submitted,

_____
Andrew Ford#729542, Plaintiff Pro Se.

PRepared By: _____
Alex C. Perales-Legal Intern

## CERTIFICATE OF SERVICE

I, Andrew Ford, Plaintiff, do hereby certify that the above and foregoing instrument was mailed on this 2nd day of June 2002 by regular United States mail to Defendants' attorney Robert S. Davis at:

815 Rice Road
Tyler, Texas 75703

*Andrew Ford*
Andrew Ford/Plaintiff
Pro Se

**ATTACHMENT**

STATE OF TEXAS                                )
                                              ) ss: <u>AFFIDAVIT OF ANDREW FORD</u>
COUNTY OF WHICHITA                            )

I, Andrew Ford, being duly sworn, deposes and say:

    1. That the incident of the charging officer coming during the disciplinary hearing and altering his original offense report did ~~ahh~~ happen and the disciplinary hearign tape will reflect this supporting my claims stated on page one (1) of Plaintiff's Response to Defendants' Answer;

    2. That Plaintiff did not live in housing 4 delta dorm and that TDCJ-ID records can support Plaintiff's claims;

    3. That no such assault occured at 5:30pm; and

    4. There is NO evidence to support any findign of guilt as TDCJ-ID records will reflect.

    I, Andrew Ford, #729542, do hereby certify under the penalties of perjury that the above and foregoing Affidavit is true and correct to the best of my personal knowledge and belief, and to the same I render my signature in accordance with the lawful provisions of 28 U.S.C., §1746 and Tex. Civ. Pract. & Rem. Code, §§ 132.001 - 132.003.

SIGHNED ON THIS _____2ND_____ DAY OF ___JUNE___, 2002.

                                                                                *Andrew Ford* (signature)
                                                                                Andrew Ford #729542